UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KEITH CAHOON,

    Plaintiff,                            CIVIL ACTION NO. 05-CV-71087-DT

v.                                     DISTRICT JUDGE ROBERT H. CLELAND
                                         MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\* \* \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on January 12, 2004, alleging that he had become disabled and unable to work on May 13, 2003, at age 35, due to severe respiratory problems. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on October 13, 2004, before Administrative Law Judge (ALJ) Thomas McGovern. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of sedentary work providing a sit-stand option. The ALJ restricted claimant from crawling, climbing and frequent bending. The Law Judge also found that Plaintiff could not be exposed to dust, fumes or temperature extremes. The Appeals Council declined to review that decision and Plaintiff commenced

the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 35 years old at the time of the administrative hearing (TR 251). He had an eleventh grade education, and had been employed during the relevant past as a material handler, general laborer and welder (TR 55, 61-67, 88). As a material handler, he did a lot of walking and standing. He had to constantly bend down and reach over his head. He was required to lift upwards of 50 pounds on a regular basis (TR 62). Claimant stopped working in May 2003, after he was fired from his job as a material handler (TR 55, 253). Plaintiff suffered a punctured lung in November 2003, after falling from a ladder (TR 54-55). The claimant, who elected to proceed with the hearing without representation, testified that he underwent numerous surgeries and treatments through April 2004, to repair his lung impairment (TR 257).

Plaintiff explained that he still suffered from constant rib and chest pain, despite taking pain medication on a daily basis (TR 252). He added that the pain prevented him from standing and sitting for longer than 20 minutes at a time (TR 255, 262). The pain also interrupted his sleep, and interfered with his ability to engage in many exertional activities due to shortness of breath (TR 255). Plaintiff estimated that he could walk about 60 feet and lift perhaps 15 pounds (TR 262-263). Despite using an inhaler several times a day, claimant added that fumes and smoke aggravated his lung condition (TR 254-255).

A Vocational Expert, Jaquelyn Schabacher, classified Plaintiff's past work as medium to heavy, unskilled activity (TR 268). If Plaintiff were capable of sedentary work, the witness testified there were numerous unskilled security, sorting, inspection, packaging

and surveillance monitoring jobs that he could perform with minimal vocational adjustment (TR 269-270). These jobs provided a sit-stand option, and did not involve any repetitive bending, crawling or climbing. The jobs were performed in clean air environments with moderate temperatures, and did not involve operating hazardous machines or working at unprotected heights (TR 269).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of traumatic hemothorax/fibrothorax and pulmonary decortication, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's breathing difficulties limited him to jobs in clean air environments providing a sit-stand option. The Law Judge found that Plaintiff could not repetitively perform any crawling, climbing or bending, and was unable to operate dangerous machinery or work at unprotected heights. Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that he remains capable of performing a limited range of sedentary work activity. He also argues that the ALJ improperly evaluated his credibility, and did not take into consideration all of his functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of his breathing difficulties.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of unskilled, sedentary work. Contrary to Plaintiff's assertion, the medical evidence did not

support his allegations of disabling breathing difficulties. Although Plaintiff was quite ill during the six week hospitalization following his 2003 accident, substantial evidence existed in the record supporting the ALJ's determination that Plaintiff was not precluded from performing a reduced range of sedentary work for any continuous period of 12 months.[1]

The medical record demonstrated that claimant's condition improved significantly following his release from the hospital in December 2003. A chest X-ray at the time of discharge showed that there was no evidence of air space disease (TR 167). Plaintiff's lungs reportedly had adequate air entry (TR 181), and his heart rate and rhythm were considered to be normal (TR 201). Dr. David Polidori, an attending physician, reported on January 20, 2004, that Plaintiff was slowly recovering and doing well overall. The doctor stated that claimant's lungs were clear to auscultation, and he did not have any shortness of breath or wound drainage (TR 203). Another chest X-ray ordered by the doctor was said to be quite satisfactory and showed improved aeration (TR 203).

By September 2004, Dr. K. Valjee, another attending physician, indicated that Plaintiff had "fully recovered" from his punctured lung. While claimant still experienced intermittent episodes of chest pain, Dr. Valjee stated that the pain resolved itself within a few minutes (TR 217). Plaintiff acknowledged at the time of the administrative hearing in October 2004, that his doctors only restricted him from jobs on which he was required to lift heavy objects and/or work in polluted air environments (TR 254, 266).

Although Plaintiff contends that the medical evidence of record did not support the Law Judge's functional capacity assessment, no doctor described specific

---

[1]The law defines disability as the inability to do any substantial, gainful activity by reason of a severe physical or mental impairment that has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A), 20 C.F.R. §§ 404.1505(a), 416.905(a) (2005).

**5**

functional limitations greater than those included by the ALJ in his detailed residual functional capacity evaluation. When evaluating Plaintiff's residual functional capacity, the ALJ also took into consideration the opinion of a state agency consulting physician,[2] who concluded that the claimant could perform unskilled work, as long as he was not exposed to dust, fumes or smoke (TR 207-214).  In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his breathing difficulties were not fully credible.

       Plaintiff relies heavily upon the fact that Dr. John Sand  stated in May 2004, that he could not work for 12 months (TR 233).
It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government.  Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980).  However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence.  Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Sand offered little objective evidence to support his conclusion of disability[3], his opinion need not have been given any special

---

[2]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404 .1527(f)(2)(i) (2005).

[3]The ALJ adequately explained his reasons for not accepting Dr. Sand's opinion. As noted by the Law Judge, Dr. Sand did not  give any reasons for concluding that Plaintiff could not work for 12 months. Nor did he provide underlying medical findings to support that opinion (TR 20).  The ALJ reasonably inferred that Dr. Sand's opinion referred to claimant's inability to return to his former job (TR 20), which is not inconsistent with the Law Judge's decision.

weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his breathing difficulties. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question[4] that took into consideration claimant's educational and vocational background,

---

[4]Contrary to Plaintiff's assertion, the Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described his moderate limitations in using his right upper extremity and his need for a clean air work environment. The VE testified that there were numerous jobs that did not require repetitive gripping with the dominant hand and were performed in pollution free environments (TR 269-270). The Sixth Circuit recently held that hypothetical questions to experts are not required to included lists of claimant's medical conditions.  Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

**7**

along with his significant impairments, the Vocational Expert testified that there were numerous unskilled security, sorting, inspection, packaging and surveillance monitoring jobs that he could perform with minimal vocational adjustment (TR 269-270). These jobs provided a sit-stand option, and did not involve any repetitive bending, crawling or climbing. These jobs were performed in clean air environments with moderate temperatures, and did not involve operating hazardous machines at unprotected heights (TR 269). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule

72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

*Note this especially, at the direction of Judge Cleland:* any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 17, 2005         s/Donald A. Scheer
                                DONALD A. SCHEER
                                UNITED STATES MAGISTRATE JUDGE

_____

### CERTIFICATE OF SERVICE

I hereby certify on October 17, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 17, 2005. **Michael M. Hall.**

                                s/Michael E. Lang
                                Deputy Clerk to
                                Magistrate Judge Donald A. Scheer
                                (313) 234-5217

9